## WHATLEY v AMERICAN LIFE & ACCIDENT INS CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4790. Decided June 10, 1935

Lambers, Wehrman, Roach & Schroer, Cincinnati, for plaintiff in error.

Bert H. Long, Cincinnati, and Milton M. Bloom, Cincinnati, for defendant in error.

### OPINION

By ROSS, PJ.

The question presented involves the construction of a clause in a policy of insurance, insuring the son of the plaintiff in error against loss from accident and also carrying provision for the payment of a sum for the death of the insured. The bill of particulars alleges that "the insured met his accidental death by being assaulted, beaten and stabbed in the chest and abdomen at the hands of one Oscar Fair, and as a direct result thereof died on the 2nd day of August, 1933.".

The answer alleges that the policy pro-

vided among other things that:—"In all cases where death or disability results from stab wounds, gunshot wounds, or from any violation of law, the liability of the Company shall be limited to only one-fourth (¼) of the amount otherwise payable under this policy. Defendant further says that said Henry Whatley died by reason of stab wounds and/or from violation of law." The amount due under this clause was alleged to have been tendered.

The reply admitted that the insured died by reason of stab wounds, and denied that the insured died of stab wounds while in violation of law.

Under the pleadings, the plaintiff in error was entitled only to judgment for the amount of the tender and proper interest, which not having been paid into court threw the costs against the defendant in error. See the decision in Hays v Bruggeman, No 4817, of even date herewith.

The language of the policy is clear and unambiguous, limiting to one-fourth the normal insurance in any case in which death results from a stab wound. The language used does not make it necessary for the company to prove also that the insured was violating the law when wounded. The language used employs the disjunctive.

The judgment will be modified as to costs and interest, and as so modified will be affirmed.

MATTHEWS and HAMILTON, JJ, concur.